IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:05-548-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Antonio Orlando Fordham, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's *pro se* motion for a reduction of sentence, filed in this court November 23, 2011. ECF No. 1206. The court has construed Defendant's motion as a motion for reconsideration of the court's denial of relief under Amendment 750. *See* Order filed November 21, 2011 (ECF No. 1200).

Defendant pleaded guilty to his involvement in a conspiracy to distribute cocaine base ("crack"), a violation of 21 U.S.C. §§ 846 and 841(a)(1). Title 21 Section 841(b)(1)(A) sets the penalty for Defendant's offense, providing that a defendant who has a prior felony drug conviction[1] shall be imprisoned for not less than twenty (20) years. At Defendant's sentencing, held September 19, 2006, this court granted the Government's motion for downward departure, filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. In granting the Government's motion, the court departed from the statutorily-mandated minimum sentence of 240 months' imprisonment and sentenced Defendant to 168 months' imprisonment.

As is relevant to this case, § 3582(c)(2) provides

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

---

[1] Defendant stipulated and agreed in his plea agreement that he had such a qualifying conviction. *See* Plea Agreement at 5 (ECF No. 484, filed Nov. 5, 2005).

1

> Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Therefore, to be eligible for consideration of a sentence reduction, the "sentencing range" must have been "lowered" by the Sentencing Commission, and the reduction must be "consistent" with applicable policy statements.

Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A), which provided (at the time of Defendant's offense and sentencing)[2] that where the crime involved 50 grams or more of a mixture or substance containing "crack" cocaine, and the defendant has a qualifying prior felony drug conviction, the sentence must be at least twenty years' imprisonment. Therefore, whatever changes Amendment 750 might authorize in the underlying base offense level calculations, those Guideline changes cannot alter the ultimate statutory floor of twenty years' imprisonment set by Congress. *See United States v. Hood*, 556 F.3d 226 (4th Cir. 2009). *See also* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 1B1.10, cmt. (n.1(A)) (Mar. 2008) (noting that a defendant is not eligible for consideration of reduction if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . [a] statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment.").

This court did reduce Defendant's original sentence for substantial assistance, but that reduction was measured from the statutorily mandated twenty-year floor. The court's authority to reduce a sentence under § 3582(c)(2) depends upon a sentencing range having "subsequently been lowered," 18 U.S.C. § 3582(c)(2). Because Defendant's sentencing range has not been lowered, Amendment 750 does not help him.

---

[2] At the time of Defendant's offense and sentencing, the amount of "crack" cocaine necessary to trigger the statutory penalty in § 841(b)(1)(A) was 50 grams or more.

Defendant's motion for reconsideration is, therefore, **denied**.

    **IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 31, 2012